74346. SKOMER et al. v. THE STATE.
(358 SE2d 886)

BANKE, Presiding Judge.

The appellants, Rosemary Skomer and Carol Lee Stone, were jointly indicted for aggravated assault on a police officer. Additionally, appellant Skomer was separately charged in the same indictment with obstruction of an officer and public drunkenness, while appellant Stone was separately charged with driving under the influence, driving without a license, obstructing an officer and making terroristic threats. Appellant Stone's arrest for driving under the influence of alcohol and driving without a license occurred as she was operating a motor vehicle in which appellant Skomer was riding as a passenger. The other charges resulted from a melee which later ensued at the Barrow County Jail while Stone was being booked, during which, according to the state's witnesses, appellant Skomer broke a glass coffee pot over the sheriff's head.

On the morning of the second day of trial, the appellants entered guilty pleas to several charges pursuant to a negotiated plea agreement; however, later that day, after the trial judge had sentenced them, they moved to withdraw these pleas on the basis of certain newly discovered evidence. That motion was ultimately denied, and this appeal followed.

Prior to the commencement of the trial, the appellants' trial counsel and the district attorney engaged in plea negotiations which evidently resulted in an offer by the district attorney to recommend probationary sentences in return for guilty pleas by the appellants. It is undisputed that the trial judge was present during at least a portion of these plea negotiations and that he participated in them by stating that while he would consider giving the appellants probation if they pled guilty, he would not consider giving them probation if they stood trial and were found guilty by a jury.

The first day of trial ended with the completion of the state's direct examination of the sheriff's son, who, as one of his father's deputies, had been involved both in the arrest and in the subsequent disturbance at the jail. Defense counsel again conferred with his clients at this time about the prospects of entering guilty pleas, telling them: "You know, the judge has said what — if you're convicted, what's going to happen, and you're going to get time. . . . Tomorrow morning, when we start cross on the sheriff's son, . . . [t]hat's when the mud's going to start coming out . . . and if we go into that, you know, this is a point of no return, basically. . . ." The appellants entered their guilty pleas when court convened the following morning. *Held*:

"Once the question of the validity of a plea of guilty has been raised by a defendant, the state has the burden to show that the plea was intelligently and voluntarily entered. [Cit.]" *Sanders v. State*, 169 Ga. App. 125, 126 (312 SE2d 160) (1983). Although the appellate courts of this state have apparently not had occasion to address the propriety of judicial participation in the plea negotiation process, the federal courts have uniformly condemned such participation, particularly when it involves discussion of the sentence the judge intends to impose if the plea is not accepted. See *United States v. Schmidt*, 376 F2d 751 (4th Cir. 1967), cert. den. 389 U. S. 884 (88 SC 158, 19 LE2d 183) (1967); *United States v. Werker*, 535 F2d 198 (2d Cir. 1976); *United States v. Adams*, 634 F2d 830 (5th Cir. 1981). Compare *Brown v. Peyton*, 435 F2d 1352 (4th Cir. 1970).

The federal ban on judicial participation in the plea negotiation process is, to a large extent, mandated by Rule 11 (e) (1) of the Federal Rules of Criminal Procedure, 18 USCA, which specifies categorically that "[t]he court *shall* not participate in any such discussions." (Emphasis supplied.) The Georgia rule is less categorical, specifying merely that "[t]he trial judge *should* not participate in plea discus-

sions." Rule 33.5 (A), Uniform Superior Court Rules, 253 Ga. at 861. (Emphasis supplied.) However, there is considerably more at stake in such matters than the mere enforcement of a court rule. "[J]udicial participation in plea negotiations is prohibited as a constitutional matter when it is so great as to render a guilty plea involuntary." *United States v. Adams*, supra, 634 F2d at 839. See also *United States v. Schmidt*, supra.

It may, of course, reasonably be assumed that any defendant who engages in plea negotiations with the state is mindful of the possibility that he may receive a harsher sentence if he rejects the plea proposal and is found guilty by a jury than if he accepts the proposal and pleads guilty. However, there is an enormous difference between simply being aware or even being reminded by the state that rejection of a plea proposal *may* result in a greater punishment and being told by the trial judge that a rejection of a plea proposal *will* result in greater punishment in the event of a conviction by a jury. While we can perceive no harm in the court's merely communicating to defense counsel its willingness or lack of willingness to accept a particular plea agreement independently negotiated by the parties, it is clearly inappropriate for the court to go further by making statements which have the effect of inserting it into the negotiation process itself.

"When a judge becomes a participant in plea bargaining, he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder [from the court] that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence." *United States v. Werker*, supra, 535 F2d at 202, citing *United States ex rel. Elksnis v. Gilligan*, 256 FSupp. 244, 254 (S.D.N.Y. 1966).

Viewing the comments made by the trial judge in the present case in the context of the circumstances under which the appellants actually made their decision to terminate their trial and enter their pleas, we must conclude that there is, at the very least, a substantial likelihood that the appellants were unduly influenced by the judge's comments to enter guilty pleas which they would not otherwise have entered. We consequently hold that it was error to refuse to allow the pleas to be withdrawn.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED JUNE 16, 1987.

*William Rhymer*, for appellants.
*Thomas C. Lawler III, District Attorney, Steven Franzen, Assis-*

*tant District Attorney*, for appellee.