A99A1110. CHERRY v. THE STATE.
A99A1195. JONES v. THE STATE.
(522 SE2d 540)

PHIPPS, Judge.

Tanzor Cherry and Lydrail Jones were charged with aggravated assault upon Jason Shuman and other offenses. Jones pled guilty to all charges, while Cherry pled guilty only to the aggravated assault charge. After pronouncement of sentence but before the term of court had ended, both defendants moved to withdraw their pleas. In Case Nos. A99A1110 and A99A1195, they have filed their respective appeals from the trial court's denial of their motions.

Jones's original defense lawyer was Richardson, but after entry of his guilty plea Jones was represented by another attorney. Cherry was and is represented by attorney Hubbard. Assistant district attorney Chapman prosecuted the case. Assistant district attorney Carnesale participated in plea discussions.

Statements by Chapman at the pretrial hearing showed the following. The incidents giving rise to these criminal charges occurred at a high school. Animosity existed between Cherry and Shuman as a result of their mutual interest in the same girl. Cherry, Jones, and another individual were in a car when they approached Shuman and others walking on a sidewalk in front of the school. After words were exchanged between the two groups, Jones was struck in the face by an unidentified companion of Shuman's. After Cherry handed Jones a gun, Jones exited the vehicle and ultimately shot Shuman three times. The first shot hit his foot; the second hit his abdomen; and the third penetrated his heart, causing a near-fatal injury that necessitated extensive, continuing surgeries. Shuman was unarmed.

Guilty pleas had been negotiated under which the prosecuting attorney would recommend that Jones and Cherry receive sentences that would require them to serve ten and five years, respectively. At a pretrial hearing, defense counsel argued that the recommended sentences were too harsh based on facts which they thought the evidence would show. After noting that a student previously had been killed at the school and that part of the purpose of sentencing is its

deterrent effect on others, the judge commented that, if anything, he thought the sentence recommendations were too lenient but would reluctantly go along with them. After a brief recess following the pretrial hearing, defendants elected to proceed to trial. A jury was selected and impaneled later that day.

Although the following parts of the trial proceedings were not reported, statements made and testimony given by the attorneys at the hearing on defendants' motion to withdraw the pleas show that the following occurred. At the beginning of trial the following morning, the parties appeared in court with their attorneys and parents. Outside the presence of the jury, the judge conducted a bench conference with Hubbard, Richardson, Chapman, and possibly Carnesale. The judge conveyed to the attorneys that he had previously presided over a case with facts very similar to the one at bar. In the earlier case, the judge came to believe that the defendants' failure to enter pleas of guilty resulted from a lack of communication between them, their parents, and attorneys. To ensure that nothing of that nature occurred in this case, the judge recommended that defense counsel talk to their clients and parents to confirm that their decisions to proceed to trial were voluntary and intelligent. Without objection, the judge then addressed defendants and their families in open court. At that time, the judge did not make any explicit threats or implicit suggestions that the defendants would receive harsher sentences than those recommended by the State if they were tried and convicted. Nor did the judge participate in plea discussions which followed. But the judge did comment that bad decisions had led to the shooting, and that defendants should consult with counsel one last time to avoid another potential bad decision. During the ensuing plea discussions, Carnesale impressed upon the defendants that the judge would impose harsher sentences if they did not plead guilty. There is some conflict in the testimony on the question of whether Carnesale attributed his conclusion in this regard to the comments of the judge, or to the increasing strength of the State's evidence and the possibility that additional aggravating circumstances would be shown. After these discussions, defendants entered their guilty pleas and received the recommended sentences. *Held*:

For a number of reasons, Uniform Superior Court Rule 33.12 provides that after sentence is imposed a guilty plea may be withdrawn only to correct a manifest injustice. *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995). Withdrawal is, however, necessary to correct such an injustice if a defendant is denied effective assistance of counsel or if the guilty plea was entered involuntarily. Id. "Once the question of the validity of a plea of guilty has been raised by a defendant, the state has the burden to show that the plea was intelligently and voluntarily entered. [Cit.]" *Sanders v. State*,

169 Ga. App. 125, 126 (312 SE2d 160) (1983). Ultimately the question of whether to permit withdrawal of a guilty plea rests in the sound discretion of the trial court. *Neal v. State*, 216 Ga. App. 223, 224 (453 SE2d 807) (1995).

1. In this appeal, Jones claims that his guilty plea was not intelligently entered, in that Richardson erroneously advised him that he could not prevail on his self-defense claim because the evidence would indisputably show that Shuman was not in possession of a weapon. Jones thus contends that his plea was the product of ineffective assistance of counsel.

> To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, [Jones] must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's errors, he would not have pleaded guilty. A court's finding that counsel has rendered effective assistance will be affirmed unless it is clearly erroneous. [Cit.]

*Martin v. State*, 268 Ga. 584-585 (492 SE2d 223) (1997). Jones must also overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 70 (8) (d) (410 SE2d 173) (1991).

Jones maintains that under OCGA § 16-3-21 he could have established that he was in reasonable fear of great bodily injury even though Shuman did not have a weapon. He asserts he could have accomplished this primarily through witnesses. According to Jones, this testimony would have shown that the first shot was fired to prevent Shuman from physically assaulting him, and the second shot, which inflicted the near-fatal injury, was to protect himself because Shuman then lunged toward him. Richardson was of the opinion that the jury would nonetheless reject Jones's claim of self-defense, because the supposed warning shots had struck Shuman in the foot and abdomen and Shuman's act of lunging at Jones would be viewed as attempted self-defense. On the basis of the record before us, we cannot say that this was not a reasonable assessment. Consequently, the court did not abuse its discretion in refusing to allow Jones to withdraw his guilty plea.

2. But Cherry's challenge to his guilty plea stands on a different footing. Although testimony given below showed that Jones decided to plead guilty based on the continuing advice of his lawyer, no such evidence was presented with respect to Cherry. He asserts that his plea was not freely and voluntarily entered because he was unduly influenced by the comments of the trial judge.

*Skomer v. State*, 183 Ga. App. 308 (358 SE2d 886) (1987), relied

on by Cherry, holds judicial participation in the plea negotiation process improper, particularly when it involves discussion of the sentence the judge intends to impose if the plea is not accepted. Although *Skomer* recognizes that it may reasonably be assumed that any defendant is mindful of this possibility, the court in *Skomer* held that there is an enormous difference between an awareness that such an eventuality *may* ensue and a reminder by the judge that it *will* ensue. Id. at 310. The *Skomer* court concluded that it was error to refuse to allow the defendants' guilty pleas to be withdrawn, because there was a substantial likelihood that the defendants were unduly influenced to enter guilty pleas by the judge's comments during plea negotiations that he would consider giving them probation if they pled guilty but not if they were tried and convicted. Compare *Baptiste v. State*, 229 Ga. App. 691, 699 (3) (494 SE2d 530) (1997) (finding *Skomer* distinguishable because the judge neither participated in plea negotiations nor stated what sentence would be imposed if the defendant rejected the plea offer and was convicted at trial).

Although the judge in this case did not participate in plea negotiations or expressly state that Cherry's sentence would be harsher if he did not plead guilty, the judge did make comments at the pretrial hearing to the effect that the recommended sentence was too lenient. There was nothing improper in these comments in the context in which they were made. But after the trial had begun, the judge called a halt to the proceedings by suggesting that a decision by the defendants to proceed to trial would be unwise. This resulted in the renewal of plea discussions followed by Cherry's entry of his guilty plea. Under the circumstances, we must conclude that, as in *Skomer*, there was a substantial likelihood that Cherry was unduly influenced to plead guilty by the totality of the judge's comments. Under the record before us, the State has not carried its burden of showing that Cherry's guilty plea was voluntarily entered. Therefore, Cherry should have been allowed to withdraw his plea.

*Judgment affirmed in Case No. A99A1195. Smith and Eldridge, JJ., concur. Judgment reversed in Case No. A99A1110. Smith, J., concurs. Eldridge, J., concurs in judgment only.*

DECIDED SEPTEMBER 14, 1999 — ▮▮▮▮▮▮▮▮

*Franklin & Hubbard, Curtis L. Hubbard, Jr.*, for appellant (case no. A99A1110).
*James E. Millsaps*, for appellant (case no. A99A1195).

*J. Tom Morgan, District Attorney, Keith A. Carnesale, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.