A06A0377. NORRIS v. THE STATE.
(626 SE2d 220)

BLACKBURN, Presiding Judge.

After Raymond Norris entered a nonnegotiated guilty plea to various violent felonies (with an aggregate potential sentence of 90 years), the trial court sentenced him to 60 years imprisonment, leading Norris to move to withdraw his guilty plea. He appeals the denial of that motion, arguing that (i) the court improperly participated in the plea negotiations by leading Norris to believe the court would only sentence him to 30 years and (ii) he received ineffective

assistance of counsel in that his trial counsel did not inform him of potential victim-impact testimony nor of the possibility of excluding his confession. We disagree and affirm.

Because this case was resolved at arraignment with a guilty plea, we do not have evidence of the charged crimes but only the prosecution's claim of what the evidence would have shown had a trial been held. The prosecution averred that in response to an ad, Norris was visiting a woman to look at her couch that was for sale. Norris allegedly used a knife to compel the woman into a room where he tied her up, raped her, and forced her to perform oral sex on him. When he then demanded money from her, she gave him $100. This all took place while Norris's four-year-old daughter was waiting in Norris's car. Soon after Norris left, police were alerted as to his physical description and vehicle, leading to his prompt arrest and then to his confession of the acts described above.

Norris was charged with kidnapping with bodily injury, aggravated sodomy, rape, robbery, and false imprisonment. Norris through his counsel pursued a guilty plea. Although the parties could not reach an agreement on the recommended sentence, they did agree that Norris would enter a guilty plea on all counts if the kidnapping with bodily injury count (which carried a mandatory life sentence) were reduced to simple kidnapping (which carried a potential sentence of 20 years). See OCGA § 16-5-40 (b). The State indicated it would be recommending an aggregate sentence of 30 years imprisonment.

At the guilty plea hearing, Norris's counsel affirmatively sought an assurance from the judge that the judge would not sentence Norris to more than the State's recommended sentence of 30 years. The court refused to give such an assurance, stating:

> Obviously, in this case, any case, this case, or any other case, the Court starts out with a blank slate, an open mind. In a case like this, also, there's a requirement for the Court to hear and take into account the testimony, if any, from the victim or victim's family in the case. So I can't rule out any possibility right now. I just can't. I think by law, I'm required to stay open to the possibility to, any possibility, until such time as everybody who is going to speak about the situation has the opportunity to do so.

> And, my expectation is, if I — though the high end is, there's not that many years beyond the high end. I think I'm required to hear everybody's position on it, if any, and everybody's statement prior to making that decision.

When Norris's counsel again sought an assurance that the judge would impose no more than a 30-year sentence, the court repeated that it could not commit and reminded Norris and his counsel that the potential sentence was 90 years. Through the mouths of his own attorney, the prosecutor, and the judge, Norris was explicitly told that he could be sentenced to 90 years imprisonment if he pled guilty, and Norris confirmed he understood this. Norris confirmed that he also understood that this was a nonnegotiated plea, that sentencing was in the sole discretion of the court and could exceed the 30-year recommendation of the State, and that if he were dissatisfied with the court's sentence, he would not have the right to withdraw his plea. The prosecution as well as the court outlined all of Norris's rights to him and confirmed that he understood what he was giving up by pleading guilty, that he was entering the plea voluntarily and freely, that he was indeed guilty of the charges, and that he was satisfied with the performance of his attorney.

After Norris pled guilty, the court heard the victim-impact evidence, which included testimony from the victim, her husband, her daughter, and her neighbor. Citing the extreme traumatic impact on the victim's life, each of these pled for the maximum sentence possible. In making closing argument, Norris's counsel admitted, "[T]his is a true blind plea. We don't know what Your Honor's going to do." The judge sentenced Norris to sixty years imprisonment (sentence of twenty years on kidnapping, consecutive sentence of twenty years on aggravated sodomy, consecutive sentence of twenty years on rape, concurrent sentence of twenty years on robbery, and concurrent sentence of ten years on false imprisonment).

Within the same term of court, Norris moved to withdraw his guilty plea, claiming manifest injustice. Specifically, he argued that the judge improperly participated in the plea negotiations by leading Norris to believe that the judge would impose no more than the 30 years recommended by the State. He further argued that he received ineffective assistance of counsel in that his counsel failed to inform him that the court would consider victim-impact testimony in determining a sentence or to inform him that his confession could be challenged on the ground that Norris was intoxicated at the time he gave the confession. After receiving evidence on these matters, the court found that Norris had voluntarily pled guilty with no assurance from the court as to the length of the sentence, and that no competent evidence showed that Norris was inebriated when he confessed. As evidence further showed that the court expressly informed Norris that the court would receive victim-impact testimony, the court denied Norris's motion to withdraw his guilty plea, which ruling he now appeals.

1. Norris first claims that because of manifest injustice, the trial court erred in denying his motion to withdraw his guilty plea. Specifically, he argues that the court improperly participated in the plea negotiations in its responses to Norris's counsel's inquiries about sentencing.

"After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Punctuation omitted.) *Jones v. State.*[1] Of course, in determining the motion, "the trial court is the final arbiter of all factual disputes raised by the evidence." (Punctuation omitted.) Id. If evidence supports the trial court's findings, we must affirm. See id. at 725 (1).

Here, "[w]here the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made." *Johnson v. State.*[2] The State showed that the judge and the prosecutor had both fully explained to Norris the charges against him and his corresponding rights, that he was aware of the potential 90-year sentence, that he knew he could not withdraw the plea after sentencing, that Norris was fully cognizant of what he was doing when he entered the plea, and that there was nothing to indicate that Norris had been pressured into pleading guilty. Based on this record, there would appear to be no manifest abuse of discretion in the denial of Norris's motion to withdraw his guilty plea. See *Thornton v. State.*[3]

Norris, however, challenges the voluntariness of the guilty plea on the basis that at the beginning of the guilty plea hearing, the trial court responded to two requests from Norris's counsel that the court give some assurance that it would not sentence Norris to more than the thirty years being recommended by the State (to which, of course, Norris had not agreed in this nonnegotiated plea). The court expressly refused to give any such assurance, instead informing Norris that although 30 years seemed like the "high end," the court could sentence Norris to up to 90 years in prison and that the court would approach the sentencing decision with an open mind and would consider the recommendation of the State as well as victim-impact testimony in its final determination of the sentence.

It is true that "[j]udicial participation in the plea negotiation process is prohibited in this state." *Wyman v. State.*[4] For example, the court may not call a special in-chambers conference for the purpose of

---

[1] *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004).

[2] *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

[3] *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986).

[4] *Wyman v. State*, 267 Ga. App. 118, 120-121 (3) (598 SE2d 855) (2004).

discussing a guilty plea and then in that conference repeatedly inform the defendant that if he pled guilty, there were "90 percent odds" that the court would impose a life without parole sentence rather than a death sentence (only then to impose a death sentence following a guilty plea). *McDaniel v. State.*[5] A court may only indicate whether it will concur with a tentative plea agreement; it may not participate in the plea negotiation process. Id. at 553-554 (2). See *Skomer v. State.*[6]

No such participation occurred here. Rather, responding simply to inquiries from defense counsel, the court refused to give any assurances as to what sentence would be imposed if a guilty plea were entered and instead reminded Norris that although 30 years seemed like the high end, he would face up to possibly 90 years in prison if he pled guilty. This hardly constitutes participation in the plea negotiation process but instead reflects straightforward, noncommittal statements by the court that gave Norris no assurances nor in any way misled him. The court specifically referenced that it would have to consider the victim-impact testimony before it could decide on a sentence. Norris's claim that such statements — solicited by his own counsel — constituted improper participation by the court in the plea negotiation process must fail. Thus, Norris has failed to show that the court manifestly abused its discretion in denying his motion to withdraw his guilty plea on this ground.

2. As a second reason for his motion to withdraw, Norris argues that the court should have found that he received ineffective assistance of counsel in that his counsel failed to inform him that the court would consider victim-impact testimony in determining a sentence or to inform him that he could challenge his confession on the ground of intoxication. We hold that evidence supported the court's findings otherwise.

The relevant standard of review is clear:

Even a defendant who waives his right to trial and enters a guilty plea is entitled to effective legal assistance. In order to show a constitutional violation of this Sixth Amendment right, however, the defendant must make a two-prong showing. He must demonstrate that his counsel erred and also establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

---

[5] *McDaniel v. State*, 271 Ga. 552, 554 (2) (522 SE2d 648) (1999).
[6] *Skomer v. State*, 183 Ga. App. 308, 309-310 (358 SE2d 886) (1987).

(Citation and punctuation omitted.) *Williams v. Duffy*.[7] "The trial court's findings of fact are subject to a 'clearly erroneous' standard of review." *Jones v. State*.[8]

With regard to Norris's claim that counsel failed to inform him that the court would consider victim-impact testimony during sentencing, the record clearly reflects that the court itself informed Norris that it would consider such testimony, thus rendering harmless any alleged failure by Norris's counsel to so inform him. With regard to his claim that counsel failed to inform him that he could challenge his confession on the ground of intoxication, the court expressly found that the evidence of inebriation was equivocal, indicating at best that Norris had "maybe one beer." Such testimony simply raised a factual issue of whether Norris was under the influence of alcohol at the time of his confession and, even if he were, of whether it affected him sufficiently to establish that his confession was not voluntarily made. See *Hardeman v. State*.[9] As the final arbiter of the facts, the trial court was authorized to reject Norris's self-serving testimony and to find that no competent evidence showed he confessed while inebriated, thus rendering harmless any alleged errors in giving advice on this matter. See *Carter v. State*.[10] Moreover, evidence supported the court's further finding that the case "didn't really depend on the confession [in that the victim], at least on two occasions, had ample opportunity to look at and later identify this Defendant. Even met the Defendant's four-year-old daughter, who was in the car while these acts were taking place. Had a description of the car, and I believe also the tag number."

Accordingly, the court did not clearly err in finding that Norris failed to show he received ineffective assistance of counsel that required a reversal.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 19, 2006.

James J. Anagnostakis, for appellant.
Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney, for appellee.

---

[7] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).
[8] *Jones v. State*, 268 Ga. App. 101, 103 (2) (601 SE2d 469) (2004).
[9] *Hardeman v. State*, 273 Ga. App. 550, 551 (615 SE2d 611) (2005).
[10] *Carter v. State*, 272 Ga. App. 158, 161 (2) (611 SE2d 790) (2005).