## A06A0064. THOMAS v. THE STATE.

(629 SE2d 553)

RUFFIN, Chief Judge.

Tyrone Thomas pleaded guilty to charges of first degree forgery and making a false statement. After sentencing, and after obtaining new counsel, Thomas moved to withdraw the plea and to reduce his sentence. While these motions were pending, Thomas's counsel also filed a notice of appeal in this Court. The trial court held that the filing of the notice of appeal divested it of jurisdiction over the pending motions. Now represented by different counsel, Thomas contends on appeal that his trial counsel was ineffective in advising him to plead guilty; his initial appellate counsel was ineffective because she filed conflicting pleadings; and the trial court's refusal to hear his motions denied him due process of law. For reasons that follow, we affirm.

1. A criminal defendant may appeal directly from a judgment entered on a guilty plea only "where the question on appeal is one which may be resolved by facts appearing in the record."[1] We can address the merits of Thomas's appeal "if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing."[2] That is the circumstance here.

Thomas argues that his trial counsel was ineffective because she advised him that if he entered a guilty plea, he would not be sentenced to more than three years to serve; nonetheless, Thomas was sentenced to ten years as a recidivist, with five years to serve. In order to demonstrate ineffective assistance of counsel, Thomas must show "that his counsel erred and also establish the reasonable probability

---

[1] (Punctuation omitted.) *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).
[2] Id.

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[3]

Even if Thomas's counsel gave the advice he alleges, Thomas cannot establish a reasonable probability that counsel's representation caused him to plead guilty where he otherwise would not have done so. The transcript of the guilty plea hearing reflects that Thomas was repeatedly warned by the trial court that he could receive a sentence of up to 15 years in prison upon pleading guilty and that whatever sentence he received would be without parole. The State expressly refused to waive recidivist punishment. The trial judge further stated to Thomas: "[L]et me make it clear that there's no way for you to guess what I'm going to sentence you to because even I don't have any idea what I'm going to sentence you to at the moment." After the State introduced Thomas's prior criminal record and recommended that he be sentenced to ten years with five years to serve, the trial court reminded Thomas that she must sentence him as a recidivist and again asked if he wished to proceed with the plea. He confirmed that he did. Under these circumstances, there is no reasonable probability that Thomas was misled by counsel's alleged assurance that he would only serve three years, and his claim of ineffective assistance by trial counsel must fail.[4]

2. Thomas asserts that his initial appellate counsel was ineffective in filing the notice of appeal while his motions to withdraw the plea and to reduce his sentence were pending and, as a result, preventing the trial court from ruling on the motions. The filing of the notice of appeal divested the trial court of jurisdiction to alter Thomas's sentence.[5] But, even assuming that counsel was deficient in filing the notice of appeal prematurely, Thomas must also show that the outcome of his case was prejudiced by her actions.[6] This he is unable to do.

After sentencing, a guilty plea may only be withdrawn to correct a manifest injustice.[7] One such injustice may be ineffective assistance of counsel.[8] We held in Division 1 that the trial court explicitly advised Thomas of his potential sentence in such manner that no representation of counsel as to the possible length of his sentence

[3] (Punctuation omitted.) *Norris v. State*, 277 Ga. App. 289, 293 (2) (626 SE2d 220) (2006).

[4] See id. at 294 (2) (counsel's alleged failure to inform defendant that court would consider victim-impact testimony during sentencing rendered harmless by court's statement to defendant that it would consider such testimony); see also *Talbot v. State*, 261 Ga. App. 12, 15 (2) (b) (581 SE2d 669) (2003).

[5] See *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001).

[6] See *Spear v. State*, 271 Ga. App. 845, 846-847 (2) (610 SE2d 642) (2005).

[7] See *Ramsey v. State*, 267 Ga. App. 452 (600 SE2d 399) (2004).

[8] See id. at 453; *Umbehaum v. State*, 251 Ga. App. 471, 474 (5) (554 SE2d 608) (2001).

could have misled him. And Thomas has not suggested what evidence he might have presented at a hearing to challenge the clear language of the plea hearing transcript. Because Thomas cannot demonstrate that the lack of a ruling by the trial court on his motions changed the ultimate outcome of the case, his claim of ineffective assistance by his initial appellate counsel fails.[9]

3. Thomas also contends that he was denied due process of law because the trial court did not hold a hearing on the merits of his motions to withdraw his plea and to reduce his sentence. As the trial court had no jurisdiction over these motions once a notice of appeal had been filed, the trial court did not err in refusing to hold a hearing or rule upon the motions.[10]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 6, 2006.

*Gary M. Newberry*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.

---

[9] See *Godfrey v. State*, 274 Ga. App. 237, 241 (2) (617 SE2d 213) (2005); *Obi v. State*, 229 Ga. App. 94, 96-97 (2) (493 SE2d 246) (1997).

[10] See *Storch v. State*, 276 Ga. App. 789, 792 (3) (625 SE2d 70) (2005).