A06A1010. GIBSON v. THE STATE.
(636 SE2d 767)

BERNES, Judge.

Joseph Khaream Gibson appeals from the trial court's denial of his motion to withdraw his guilty plea on two counts of armed robbery, contending that his plea was not knowingly or voluntarily entered. Because our prior precedent mandates a determination that certain comments made by the trial judge rendered Gibson's plea involuntary, we must reverse.

This Court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent manifest abuse of discretion. *Smith v. State*, 274 Ga. App. 568, 569 (1) (618 SE2d 182) (2005). The record

shows that Gibson was charged with two counts of armed robbery arising from an incident on February 7, 2005, when he allegedly robbed two individuals at gunpoint while they were removing money from a gaming machine.

On the day that this matter was to proceed to trial, the court held a pretrial conference while prospective jurors waited outside the courtroom. The prosecutor indicated that he had offered to recommend a ten-year jail sentence if Gibson agreed to plead guilty, which constituted the mandatory minimum sentence for armed robbery under Georgia law. See OCGA § 17-10-6.1 (2005). Gibson read a statement to the trial judge in which he expressed dismay with the ten-year offer and pleaded with the court to lessen the proposed sentence. The trial court explained that ten years was the statutory minimum for the crime charged, but indicated that it would adopt the prosecutor's recommendation if Gibson pled guilty. Pressed for an answer because the jury awaited the commencement of the trial, Gibson declined to enter a guilty plea at that time and the jury was called in.

After the indictment had been read and voir dire had begun, Gibson's counsel requested that the jurors be removed and that Gibson be allowed to plead guilty. The trial court conducted a plea hearing, during which Gibson again began expressing reservation about the length of the recommended sentence. The following exchange occurred between Gibson and the trial judge:

> THE COURT: All right. You have 48 citizens, we have started the process. Do you want to plead guilty? If you don't want to plead guilty, you can have a trial. It is completely up to you.
> GIBSON: If I'm found guilty, I don't know what time I will get.
> THE COURT: Let me say this: the maximum sentence on an armed robbery is life imprisonment.
> GIBSON: Is that what you will sentence me to if I'm found guilty?
> THE COURT: I will listen to all the facts and circumstances. As I indicated earlier, based upon if you want to — and it is completely up to you — if you want to enter a plea of guilty, I will factor it in, that you have saved the county taxpayers some money and resources, and sentence you to the minimum ten years in prison. *If you are asking me will I give you that same consideration after you have put the state on trial, they have brought in witnesses at their expense, these citizens have listened to evidence over four or five days, will I give you the same consideration versus saving the taxpayers money?*

*No.*
GIBSON: Okay.
THE COURT: But the question is, do you want to plead guilty?
GIBSON: Yes.

1. Gibson argues that the above-cited exchange rendered his plea involuntary because the trial judge unlawfully participated in the plea negotiation process. "Once the question of the validity of a plea of guilty has been raised by a defendant, the state has the burden to show that the plea was intelligently and voluntarily entered." (Citation and punctuation omitted.) *Cherry v. State*, 240 Ga. App. 41, 42 (522 SE2d 540) (1999).

Georgia law prohibits judicial participation in the plea negotiation process when it becomes so great as to render the plea involuntary. See Uniform Superior Court Rule (USCR) 33.5 (A); *McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999). Comments by the trial judge that reinforce the unmistakable reality that a defendant who rejects a plea offer and instead opts to go to trial will likely face a greater sentence have been held by this Court to unlawfully insert the judge into the plea process. See *Skomer v. State*, 183 Ga. App. 308, 309 (358 SE2d 886) (1987). See also *Cherry*, 240 Ga. App. at 43-44 (2). Cf. *McDaniel*, 271 Ga. at 553 (2). This Court has recognized "an enormous difference between simply being aware or even being reminded by the state that rejection of a plea proposal *may* result in a greater punishment and being told by the trial judge that a rejection of a plea proposal *will* result in greater punishment in the event of a conviction by a jury." (Emphasis in original.) *Skomer*, 183 Ga. App. at 310. The latter results in the judge becoming a participant in the plea bargaining, which in turn

> brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder from the court that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence.

(Citations and punctuation omitted.) *Id.*

In the instant case, the trial judge was entitled to state that he would accept the state's proposal and sentence Gibson to the statutory minimum if he agreed to plea. See USCR 33.5 (B); *Taylor v. State*, 248 Ga. App. 715 (2) (548 SE2d 414) (2001). He also correctly informed Gibson that the decision of whether to accept the state's offer or

proceed to trial was exclusively Gibson's and that he would keep an open mind and listen to the evidence before making a sentence determination in the event that Gibson went to trial and was convicted. See *Norris v. State*, 277 Ga. App. 289, 292-293 (1) (626 SE2d 220) (2006). Likewise, the trial court appropriately informed Gibson about the maximum sentence that he faced in the event that a jury convicted him of the crimes for which he was charged. Id.

We are bound by precedent, however, to hold that the trial judge improperly inserted himself into the plea bargaining process when he went further and advised Gibson that he would not give him the same sentence considerations in the event that he opted to proceed to trial rather than accept the proposed plea. *Skomer*, 183 Ga. App. at 309. Immediately following this exchange, the oft-wavering Gibson agreed to the entry of his guilty plea. We must conclude under these circumstances that there was a substantial likelihood that Gibson was unduly influenced to plead guilty by the judge's comments. Consequently, the trial court erred in refusing to allow Gibson to withdraw his guilty plea.

2. Because of our reversal in Division 1, we need not address Gibson's additional arguments as to the involuntariness of his plea.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 20, 2006.

*Ralph Washington*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.