A11A1247. IN THE INTEREST OF S. F., a child.
(719 SE2d 558)

SMITH, Presiding Judge.

Following a hearing, 14-year-old S. F. was adjudicated delinquent after admitting to acts which, if committed by an adult, would constitute the crimes of assault and robbery. The juvenile court sentenced S. F. pursuant to OCGA § 15-11-63 (a) (2) (B) (ii), which classifies certain offenses as "designated felony acts," and ordered that he be placed in the custody of the Department of Juvenile Justice for five years and confined in a youth development center for thirty months.

S. F. appeals contending that the juvenile court participated in the "plea negotiation" by offering him a "plea," and then threatened him with a longer term of confinement if he elected to proceed with the adjudication rather than entering an admission. He also claims that the juvenile court failed to make the requisite findings of fact pursuant to OCGA § 15-11-63 (c). For the following reasons, we affirm.

1. S. F. first contends that the juvenile court "directly involved [itself] in the so-called plea negotiation," and threatened him with a longer term of confinement if he proceeded with adjudication rather than entering an admission. At the beginning of the hearing, S. F.'s counsel announced that the defense was ready for the bench trial. After the State outlined the facts of the case at the request of the court, the court asked about the disposition of S. F.'s juvenile co-defendant. The State explained that the co-defendant made an admission and received "thirty six months." The court explained:

> The only thing I would agree to do in this case would be to give [S. F.] the same thing that the other guy got. I wouldn't give him any[ ]more. I'm not gonna give him any less. I believe if the facts come out as they appear to be, [he] would be a party to a crime and equally culpable . . . of course I mean I would listen to your presentation.

S. F.'s counsel responded: "I think that my client would like to go for the trial." The court then proceeded to swear in the witnesses after which the following colloquy took place:

> [The State]: Your Honor, as the first witness, we'd call Deputy —
> [The Court]: [Defense counsel], let me ask you a question. He knows what he's facing?
> [Trial Counsel]: Uh, huh.
> [The Court]: And the other, he knows — [the co-defendant] pled, right? Do you understand that he's facing the entire ball of wax?
> [Trial Counsel]: I mean I —
> [The Court]: Do you want to talk to him one more time?
> [Trial Counsel]: I will.
> [The Court]: Just let him know that they're facing the whole thing.
> [Trial Counsel]: Yeah.
> [The Court]: The judge's indication that he would plea to three years, which this other gentleman got, would be similar to a plea offer as opposed to anything else.

[pause while counsel conferred with S. F.]

[The Court]: [Defense counsel], do you have an announcement in this case for the record?

[Trial Counsel]: Yes, sir. [S. F.] would like to enter his admission at this time.

The court then posed a series of questions to determine that the admission was knowing and voluntary. In response to the court's inquiries, S. F. responded affirmatively that he understood the rights he was waiving, including the right to a trial and to present witnesses. At the end of this inquiry, the court asked S. F.: "I'm asking you today, right now, do you want to continue this admission or do you want to have a trial?" S. F. responded: "I'll just go ahead today [and continue with the admission]." S. F. admitted that he and his co-defendant were "over at the track messing around," and that he was "talking to the lady at the gate, asking her which horse was gonna win" when his co-defendant hit the victim on the head with a brick. S. F. stated further that he ran and that when he looked back he saw the victim on the ground. The court found that S. F. was a party to the crime of aggravated assault for hitting the victim on the head and a party to the crime of robbery for taking the victim's waist bag containing $200.

The Georgia Supreme Court recently held in *Pride v. Kemp*, 289 Ga. 353 (711 SE2d 653) (2011), that

[j]udicial participation in plea negotiations is prohibited as a constitutional matter when it is so great as to render a guilty plea involuntary. A guilty plea must be knowingly and voluntarily entered. Making a knowing and voluntary plea requires an understanding of the nature of the charge, the rights being waived, and the consequences of the plea. Due to the force and majesty of the judiciary, a trial court's participation in the plea negotiation may skew the defendant's decision-making and render the plea involuntary because a defendant may disregard proper considerations and waive rights based solely on the trial court's stated inclination as to sentence.

(Citations and punctuation omitted.) Id. at 354. See also Uniform Superior Court Rule 33.5 (A).

Here, trial counsel announced twice that S. F. was ready to proceed with the bench trial, after which the juvenile court stated: "The judge's indication that he would plea to three years, which this other gentleman got, would be similar to a plea offer as opposed to anything else." Because the juvenile court presented S. F. with a

"plea offer" of three years of confinement if he made an admission rather than proceeding with the adjudication, the court inappropriately participated in the "plea negotiation." See, e.g., *Ealey v. State*, 310 Ga. App. 893 (714 SE2d 424) (2011).

But the court's participation in this case was not so great as to make S. F.'s admission involuntary. First, following S. F.'s indication that he wished to make an admission, the juvenile court engaged S. F. in the standard colloquy to determine if S. F. made the admission knowingly and voluntarily. After S. F. stated that he understood the rights he was waiving, he again informed the court that he wished to proceed with an admission.

Second, the juvenile court did not make any threats of a longer term of confinement if S. F. chose to go to trial, nor did it offer S. F. any benefit for making an admission. Compare *Pride*, supra, 289 Ga. at 354-355 (improper for court to repeatedly state it would impose longer sentence if defendant went to trial); *Ealey*, supra, 310 Ga. App. at 898 (waiver of right to jury trial invalid where court remarked it would take into consideration fact that court's time was being used if defendant opted for jury trial and that it intended to "bestow . . . benefits" upon defendant "in exchange for his waiver of the right to a jury trial"); *Skomer v. State*, 183 Ga. App. 308, 309-310 (358 SE2d 886) (1987) (court improperly participated in plea negotiations by stating that it would consider giving defendants probation if they pled guilty). The juvenile court, sitting as the trier of fact, explained at the beginning of the hearing that it was inclined to give S. F. the same three-year term of confinement that S. F.'s co-defendant received, and then suggested that it would accept a "plea offer" of "three years" if S. F. gave an admission. Following the court's acceptance of S. F.'s admission, the court ordered that S. F. serve thirty months in confinement, rather than the three years it originally stated it was inclined to impose. Under these circumstances, we cannot say that the juvenile court's participation in the "plea negotiations" was such that it rendered S. F.'s admission involuntary in the absence of evidence that S. F. "disregard[ed] proper considerations and waive[d] rights based solely on the trial court's stated inclination as to sentence." (Citations omitted.) *Pride*, supra, 289 Ga. at 354.

2. In two enumerations, S. F. contends that the juvenile court failed to make the requisite findings to confine him pursuant to OCGA § 15-11-63 (c). OCGA § 15-11-63 (b) provides that when a juvenile is found to have committed a designated felony act, the order of disposition must include a finding based upon a preponderance of the evidence as to whether the juvenile requires restrictive custody. OCGA § 15-11-63 (c) requires the court to consider five

relevant circumstances:

> (1) The needs and best interests of the child; (2) The record and background of the child; (3) The nature and circumstances of the offense, including whether any injury involved was inflicted by the child or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim.

"These findings not only provide a meaningful legal road map for the lower court in exercising discretion in effecting a fundamentally fair case disposition, but also assist the appellate court in its review of the merits of an appeal." (Citation and punctuation omitted.) *In the Interest of C. T.*, 197 Ga. App. 300, 303 (3) (398 SE2d 286) (1990).

(a) S. F. complains that the trial court did not "apply the statutory factors" because it was predisposed to give him the same term of confinement as his co-defendant. But although the court stated during the hearing that it would consider giving S. F. the same three-year term of confinement that his co-defendant received, the record reveals that the court, upon considering the evidence presented, made the requisite finding in its order to determine *whether* restrictive custody was required. Moreover, any discrepancy between any oral statement by the court and court's written order must be resolved in favor of the written order. See *In the Interest of S. S.*, 276 Ga. App. 666, 667 (624 SE2d 251) (2005).

(b) S. F. also complains that the court failed to make a specific finding regarding the fifth factor: the age and physical condition of the victim. He argues that the juvenile court failed to indicate if the age of the victim is an aggravating factor and failed to address the physical condition of the victim. See OCGA § 15-11-63 (c) (5). With regard to this factor, the juvenile court found that "the victim is a thirty-eight year old female . . . the victim was hit in the head with a brick, causing serious injuries." Because the record revealed that the victim suffered severe lacerations to her head and had more than $4,000 in medical expenses as a result of the assault, the court's finding was sufficient to satisfy the requirements of OCGA § 15-11-63 (c) (5). See *In the Interest of J. A. C.*, 291 Ga. App. 728, 731 (3) (662 SE2d 811) (2008) (finding that juvenile was "in need of treatment and rehabilitation" satisfied the requirement that court considered needs and best interest of child); see also *In the Interest of C. T.*, supra, 197 Ga. App. at 303 (3) (extent and depth of analysis to which each of five elements must be subjected is within sound discretion of court).

*Judgment affirmed. Mikell, C. J., and Dillard, J., concur.*

DECIDED NOVEMBER 17, 2011.

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Johnathan C. Gaskin, Assistant District Attorney*, for appellee.