**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 29, 2025**

# In the Court of Appeals of Georgia

A25A1505. ELLIOTT v. THE STATE.

BROWN, CHIEF JUDGE.

Robert Elliott appeals from his guilty plea to one count of child molestation. In his sole enumeration of error, Elliott argues that the trial court improperly participated in plea negotiations in violation of Uniform Superior Court Rule 33.5 (A), which rendered his plea involuntary. We disagree and therefore affirm.

The record shows that, on the day of trial, Elliott agreed to plead guilty to molesting his then three-year-old granddaughter, who reported to her parents that Elliott had touched her vagina, which she called her "pee pee." The parents had a nanny camera in their daughter's bedroom, which captured Elliott's back as he placed

his hand between the victim's legs. The child also reported having been in the bathroom with her grandfather and having seen his "pee pee."

After setting forth this factual basis for the plea, the prosecutor stated that the State's recommendation was that Elliott be sentenced to ten years with five to serve in prison. The victim's family thought the sentence was too lenient, and the victim's father was permitted to testify regarding the impact the crime had on the family. The judge nonetheless agreed to follow the State's recommendation. The judge explained her reasoning to the family, noting that jurors could interpret the video quite differently than the prosecution. The judge ended her explanation by saying: "I don't even know if [Elliott will] take the . . . 10 to serve five[.] If he does, he will. But if he doesn't, and you want more, let me know."

According to Elliott, this statement effectively conveyed that if he declined the State's offer and went to trial, he would be facing more time if he were found guilty. He contends that the judge's implied threat was so improper that it rendered his plea involuntary.

Under the Uniform Superior Court Rules, trial judges "should not participate in plea discussions." USCR 33.5 (A). Such "[j]udicial participation in plea

2

negotiations is prohibited as a constitutional matter when it is so great as to render a guilty plea involuntary." *State v. Hayes*, 301 Ga. 342, 345 (1) (801 SE2d 50) (2017) (citation and punctuation omitted). "[I]f a trial judge communicates — either explicitly or implicitly — to a criminal defendant that his sentence will be harsher if he rejects a plea deal and is found guilty at trial, then Rule 33.5 (A) has been violated and the plea may be found involuntary." *Winfrey v. State*, 304 Ga. 94, 98 (II) (816 SE2d 613) (2018) (emphasis omitted).

Here, it cannot be said that the judge's statements during the plea hearing constituted the sort of participation that will render a plea involuntary. First, the statement was not directed to Elliott, but to the family members who were dissatisfied with the State's recommended sentence. Second, the judge did not say she would impose a harsher sentence if Elliott went to trial; rather, the judge indicated that — if a jury were to find Elliott guilty — she would take the family's wishes into consideration.[1] Taken as a whole, the judge neither threatened Elliott with any particular sentence nor indicated her preference about whether Elliott entered a guilty plea. See *Kennedy v. Hines*, 305 Ga. 7, 11 (2) (823 SE2d 306) (2019) (judge's response

---

[1] Under OCGA § 17-10-1.2 (a) (3), a trial court has discretion to allow the victim or the victim's family to testify about the impact of a crime prior to sentencing.

to defendant's equivocation on entering a guilty plea that defendant had already been found guilty by a jury and that the judge did not want to "play any games with you here today" was "not comparable to the types of threats [and] statements" that would render a plea involuntary). To the extent that the judge's statement to the family may have suggested to Elliott that he could face a harsher sentence upon conviction after a trial — and to the extent the statement could be construed as participation in the plea negotiations — such participation was not so great as to render Elliott's plea involuntary. See *In the Interest of S. F.*, 312 Ga. App. 671, 672-674 (1) (719 SE2d 558) (2011).

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*