## S11A0159. PRIDE v. KEMP.

(711 SE2d 653)

HUNSTEIN, Chief Justice.

We granted habeas corpus petitioner Elmer Pride a certificate of probable cause to address whether the habeas court erred by finding that Pride's guilty plea was valid in light of the multiple statements made by the trial court during the plea proceedings in which the trial court informed Pride of the harsher sentence it would impose on Pride after a jury found him guilty of the charged crimes. Because we find that the judicial participation in Pride's plea negotiations was so great as to render his guilty plea involuntary, we reverse.

The record reveals that appellant was indicted on charges of rape, aggravated assault and two counts of cruelty to children based upon his actions in sexually attacking his wife, who was in the process of divorcing him; stabbing her 12-14 times in the presence of their four and five-year-old sons; and then slicing her across the throat before leaving with the children.[1] Although defense counsel negotiated a beneficial plea deal in which appellant would be sentenced to 20 years but serve only 13 years in prison,[2] the trial judge refused to accept it. The transcript of the plea hearing reflects that the trial judge first stated that she did not

> know why [appellant] should get less than twenty years. I mean, it doesn't sound like anything is wrong with the case as far as the State. . . . If I tried the case and he was found guilty I would give him the maximum. I would stack the sentences.

After discussion, including the prosecutor's explanation that the State was seeking to avoid having the children testify, the trial judge stated that she would

> give him eighteen years — that is rock bottom — and I am happy to try him [in five days] and ready to go and he is

---

[1] Despite her injuries, the victim was able to contact 911. Police located appellant at one child's school where he then attempted to commit suicide; four butcher knives were found in the trunk of his vehicle.

[2] Under the deal, appellant was to plead guilty to aggravated assault with intent to rape as a lesser offense to rape and to aggravated assault, for which he would receive the same sentence (to run concurrently).

going to get a lot more. I would really much rather try him, frankly, so I can give him what I would really like to give him.

After a break while defense counsel and appellant talked, the trial judge noted on the record that she had decided that "the lowest that I could really, in good consci[ence], sentence him to is twenty." Appellant thereafter accepted the trial court's terms and pled to the two felony counts (twenty years to serve, each to run concurrently) and the cruelty to children counts (twelve months each, to run concurrently).

> " '[J]udicial participation in plea negotiations is prohibited as a constitutional matter when it is so great as to render a guilty plea involuntary.' [Cits.]" *Skomer v. State,* 183 Ga. App. 308, 310 (358 SE2d 886) (1987) .... A guilty plea must be knowingly and voluntarily entered. [Cits.] Making a knowing and voluntary plea requires an understanding of the nature of the charge, the rights being waived, and the consequences of the plea. [Cits.] Due to the force and majesty of the judiciary, a trial court's participation in the plea negotiation may skew the defendant's decision-making and render the plea involuntary because a defendant may disregard proper considerations and waive rights based solely on the trial court's stated inclination as to sentence. [Cit.]

*McDaniel v. State,* 271 Ga. 552, 554 (2) (522 SE2d 648) (1999). See also *Gibson v. State,* 281 Ga. App. 607 (636 SE2d 767) (2006) (trial court unlawfully inserted itself into plea process with comments that a defendant who rejects a plea offer and instead opts to go to trial will likely face a greater sentence). Compare *Works v. State,* 301 Ga. App. 108 (3) (686 SE2d 863) (2009) (because trial judge made no statement as to the sentence that would be imposed if Works declined a plea proposal or threaten Works with a stricter sentence if he decided to exercise his right to go to trial instead of pleading guilty, there was no improper interference by the trial judge with plea negotiations).

In this case, Pride heard the trial court repeatedly state that it would impose a longer sentence if Pride went to trial and, indeed, would prefer that Pride go to trial so that the trial judge could "give [Pride] what I would really like to give him."[3] Pride agreed to enter a guilty plea with terms far less favorable than those originally

---

[3] Pride also heard the trial judge comment that there did not appear to be "anything wrong" with the State's case against him. In that regard, we note that comments by the trial

negotiated after hearing these statements from the trial court. We conclude that this improper judicial participation in the plea negotiations was so great that, as a constitutional matter, it rendered Pride's resulting guilty plea involuntary. See *McDaniel*, supra, 271 Ga. at 554 (2). Accordingly, we must reverse the habeas court's denial of his petition.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General, Brent M. Myer*, for appellee.

---

court regarding the merits of the case in the course of a plea bargain negotiation are not only contrary to Uniform Superior Court Rule 33.5 (A) but also create a risk of a coerced guilty plea. See *United States v. Barrett*, 982 F2d 193, 195 (6th Cir. 1992) (holding, in case involving application of Fed. R. Crim. P. 11, that trial judge's statements about the merits of the case were coercive, as they presented defendant with "the choice of pleading guilty or taking his chances at trial in front of a judge who seemed already to have made up his mind about the defendant's guilt").