**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 2, 2016**

# In the Court of Appeals of Georgia

A15A2008. MCCRANIE v. THE STATE.

MILLER, Presiding Judge.

Christopher Sean McCranie pled guilty to child molestation (OCGA § 16-6-4 (a) (1)) and statutory rape (OCGA § 16-6-3 (a)).[1] Appearing pro se, McCranie appeals from the trial court's denial of his consolidated motion for an out-of-time appeal, to withdraw a guilty plea and to vacate a void sentence. McCranie contends that the trial court erred in denying his motion because (1) his plea was involuntary and (2) his sentence is void. For the reasons that follow, we affirm the denial of McCranie's motion to withdraw his guilty plea, but reverse the denial of his motion for an out-of-time appeal because the trial court did not make the requisite factual inquiry into

---

[1] The State nolle prossed one count of sexual battery against a child under the age of 16 (OCGA § 16-6-22.1 (b)).

whether McCranie's failure to timely pursue a direct appeal was attributable to him or his trial counsel. We also vacate McCranie's sentence for statutory rape, and remand the case for proceedings consistent with this opinion.

In 2010, McCranie was charged with several sex crimes after he had sexual intercourse with a developmentally disabled 14-year-old girl. On June 10, 2010, McCranie appeared with counsel at his plea hearing. The State's initial plea offer was twenty years, with ten years to serve for child molestation and sexual battery.

The trial court, however, made clear that it wanted McCranie to have a sentence of at least 30 years. The following exchange then occurred:

> [COUNSEL]: The Judge is not going to do the plea offer. It's thirty serve ten versus twenty serve ten. You can withdraw your plea and go to trial.
>
> [MCCRANIE]: What would I get if I went to trial?
>
> THE COURT: Why don't you try it and let's see.
>
> [MCCRANIE]: I don't want to try it.

Trial counsel then advised McCranie that the maximum possible aggregate sentence he could receive was 50 years.

The trial court then offered a sentence of thirty years, with ten years to serve, but indicated that it would only accept McCranie's plea if the victim's mother agreed to it. The trial court stated, "You ain't walking out of this courtroom with less [than] thirty. I know it don't bother you. Why don't I make it life?" Later, the trial court told McCranie, "I'll be glad for you to go to trial because I promise you I'll be your judge."

Both trial counsel and the prosecutor advised McCranie that by pleading guilty, he was waiving his right to a jury trial, the presumption of innocence, the right to confront witnesses against him, the right to testify and call witnesses, and the right to avoid self-incrimination, and McCranie acknowledged that he was waiving those rights. The prosecutor then advised McCranie that the maximum possible sentence he faced was 45 years. McCranie testified that his plea was freely and voluntarily entered, and trial counsel acknowledged that McCranie had confessed to the crimes.

McCranie testified that he understood the charges against him, he was guilty of those charges, he understood his right to counsel and he was satisfied with his counsel's representation. Trial counsel advised McCranie that he had four years to file a petition for habeas corpus and the trial court advised him of the conditions of probation for sex offenders.

3

Ultimately, McCranie entered into a negotiated plea to child molestation and statutory rape. The trial court sentenced McCranie to twenty years for child molestation, with fifteen years to be served in confinement, the remaining five years to be served on probation, and ten consecutive years to be served on probation for statutory rape, for a total sentence of thirty years with fifteen years to serve. After sentencing McCranie, the trial court concluded, "I don't know if you've got a mental problem or you're just stupid, but you act like it don't make a rat's ass to you what I just did."

Trial counsel did not thereafter file a motion to withdraw McCranie's guilty plea or a notice of appeal. In April 2015, McCranie filed a consolidated motion to vacate a void sentence, to withdraw his guilty plea, and for an out-of-time appeal. Without conducting an evidentiary hearing, the trial court denied McCranie's consolidated motion, finding that his sentence was not void and he had slept on his appellate rights by failing to file a timely appeal or a habeas corpus petition. This direct appeal ensued.[2]

---

[2] "The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal." (Citation and punctuation omitted.) *Stephens v. State*, 291 Ga. 837 (1) (733 SE2d 266) (2012).

1. On appeal, McCranie contends that the trial court erred in denying his motion to withdraw his guilty plea. McCranie's motion to withdraw his guilty plea was clearly untimely because he filed it several years after the trial court lost its authority to allow the withdrawal of the plea. See *McGee v. State*, 296 Ga. 353 (1) (765 SE2d 347) (2014) ("It is well settled that, when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.") (citation and punctuation omitted). Therefore, we affirm the denial of McCranie's motion to withdraw his guilty plea.

2. McCranie also contends that the trial court erred in denying his motion for an out-of-time appeal. We agree.

> Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. . . . However, for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time

5

appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

(Citations omitted.) *Stephens v. State*, 291 Ga. 837, 837-838 (2) (733 SE2d 266) (2012).

Accordingly, there are several steps that this Court must undertake in analyzing a defendant's motion for an out-of-time appeal.

First, if the issues that a defendant who pled guilty seeks to appeal cannot be resolved using the existing record, he would have had no right to file even a timely appeal and therefore is also not entitled to an out-of-time appeal. Claims that require expansion of the record must instead be pursued in a habeas corpus petition.

(Citation omitted.) *Stephens*, supra, 291 Ga. at 838 (2). If, however, the defendant raises issues that can be determined as a matter of law or fact on the existing record, then the defendant must show that counsel was ineffective in not filing a timely appeal. *Stephens*, supra, 291 Ga. at 838 (2). "With regard to an out-of-time appeal, the only relevant effectiveness factor is whether the defendant had a possible ground for appeal about which his lawyer failed to inform him." (Citation omitted.) *Barlow v. State*, 282 Ga. 232, 234 (647 SE2d 46) (2007).

6

(a) McCranie argues that the trial court erred in denying his motion for an out-of-time appeal because his plea was involuntary on the grounds that he was not advised of his right to withdraw his guilty plea or of his right to appeal The record shows, however, that trial counsel advised McCranie of his right to withdraw his guilty plea and go to trial.

(b) In considering McCranie's argument that trial counsel was ineffective for failing to advise him of his right to appeal, the only relevant factor is whether McCranie had a possible ground for appeal about which his lawyer failed to inform him. See *Barlow*, supra, 282 Ga. at 234. McCranie argues that he had a ground to challenge his plea as being involuntary because the trial court impermissibly interfered in the plea negotiation. The State concedes, and the record reflects, that the trial court's interference in plea negotiations casts doubt as to whether McCranie's plea was voluntary.[3]

---

[3]In Georgia, "the district attorney represents the people of the state in prosecuting individuals who have been charged with violating our state's criminal laws." (Citation omitted.) *Mowoe v. State*, 328 Ga. App. 539, 540 (2) (a) (759 SE2d 663) (2014). A public prosecutor's duty "is to seek justice, not merely to convict." (Citation omitted.) *Carr v. State*, 267 Ga. 701, 712 (10) (482 SE2d 314) (1997). Moreover, "it is the duty of a prosecuting attorney to see that justice is done and nothing more." (Punctuation omitted.) Id. Accordingly, we commend the State for taking the initiative in this case and pointing out the deficiencies in the plea process.

"Judicial participation in the plea negotiation process is prohibited by court rule" in this state and "is prohibited as a constitutional matter when it is so great as to render a guilty plea involuntary." (Citations omitted.) *McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999); see also Uniform Superior Court Rule 33.5 (A) ("The trial judge should not participate in plea discussions.").

> Due to the force and majesty of the judiciary, a trial court's participation in the plea negotiation may skew the defendant's decision-making and render the plea involuntary because a defendant may disregard proper considerations and waive rights based solely on the trial court's stated inclination as to sentence.

(Citation omitted.) *McDaniel*, supra, 271 Ga. at 554 (2).

Here, the trial court not only rejected the negotiated plea, but repeatedly indicated that it wished to sentence McCranie to a longer sentence.[4] The trial court

---

[4] Georgia Uniform Superior Court Rule 33.5 (B) sets out the responsibilities of the trial judge with regard to plea negotiations. That Rule provides:

> If a tentative plea agreement has been reached, upon request of the parties, the trial judge may permit the parties to disclose the tentative agreement and the reasons therefor in advance of the time for the tendering of the plea. The judge may then indicate to the prosecuting attorney and defense counsel whether the judge will likely concur in the proposed disposition[.] . . . If the trial judge concurs but the final

also stated that it would be happy for McCranie to withdraw his plea so that the trial court could preside over his trial. McCranie ultimately agreed to enter a guilty plea with less favorable terms than those which he had originally negotiated. Thus, the judicial participation in the plea negotiations in this case was so great as to render McCranie's resulting guilty plea involuntary. See *Pride v. Kemp*, 259 Ga. 353, 354-355 (711 SE2d 653) (2011) (guilty plea was involuntary where trial court repeatedly indicated that it would impose a longer sentence if defendant went to trial and would prefer for defendant to go to trial so that the court could impose a longer sentence). Accordingly, McCranie had a possible ground for direct appeal based on the trial court's interference in the plea negotiations. See *McDaniel*, supra, 271 Ga. at 554 (2) (reversing defendant's conviction where trial court interfered with plea negotiations).

(c) While the trial court concluded that McCranie slept on his appellate rights by failing to file a habeas corpus petition despite being advised of this right, where, as here, a defendant alleges deprivation of the right to direct appeal due to trial counsel's ineffective assistance, the trial court is required to make an inquiry as to

---

disposition differs from that contemplated by the plea agreement, then the judge shall state for the record what information in the presentence report or hearing contributed to the decision not to sentence in accordance with the plea agreement.

whether the defendant was responsible for the failure to pursue a timely *direct appeal*. See *Simmons v. State*, 276 Ga. 525 (579 SE2d 735) (2003). A trial court abuses its discretion when it fails to make such a factual inquiry. Id.

Here, the trial court erred when it denied McCranie's motion without making a factual inquiry into whether McCranie's failure to timely pursue a direct appeal was attributable to him or trial counsel. See *Jackson v. State*, 280 Ga. 27, 28 (622 SE2d 356) (2005). Accordingly, we reverse the trial court's denial of McCranie's motion for out-of-time appeal and remand the case for the trial court to conduct the requisite factual inquiry. See id.; see also *Fleming v. State*, 276 Ga. App. 491, 494 (1) (623 SE2d 696) (2005) (whether defendant filed a motion for an out-of-time appeal following a guilty plea, he was entitled to a hearing on the issue of whether his right to appeal was frustrated by the ineffective assistance of counsel).

3. While not raised on appeal, McCranie argued below that the trial court should have merged his conviction for statutory rape into his conviction for child molestation. We disagree.

Appellate courts may resolve merger issues, even where the issue is not enumerated as error on appeal. *Nazario v. State*, 293 Ga. 480, 485-486 (2) (b) 746 SE2d 109) (2013) (merger claims cannot be waived because a conviction that merges

is void and the resulting sentence is void and illegal and may be challenged in any proper proceeding). Moreover, the merits of a merger issue can also be considered in an appeal from a denial of a motion for an out-of-time appeal. See *Dennis v. State*, 292 Ga. 303, 304 (736 SE2d 428) (2013) (rejecting on the merits defendant's merger claim in an appeal from a denial of a motion for out-of-time appeal). Nevertheless, when the merger issue arises after a defendant has pled guilty, this Court is

> limited to finding error, as in all cases, based on the record. . . . While a defendant does not waive consideration of merger issues by pleading guilty, his guilty plea does waive the expansion of the factual record that occurs with a trial. The practical effect of that waiver will usually mean that he cannot establish (and the court cannot discern) that any of his convictions merged, particularly as a matter of fact, based on the limited record.

*Nazario*, supra, 293 Ga. at 488 (2) (d).

Here, McCranie was indicted for one count of child molestation and one count of statutory rape, each based on an act of sexual intercourse with the victim. McCranie argues that his convictions for statutory rape and child molestation merge because the State conceded at the plea hearing that only a single act of sexual intercourse occurred between him and the victim. Compare *Hixon v. State*, 251 Ga. App. 27, 29-30 (2) (553 SE2d 333) (2001) (crimes of statutory rape and child

11

molestation did not merge where there was more than one act of sexual intercourse between the defendants and the victim) with *Dorsey v. State*, 265 Ga. App. 404, 406 (2) (593 SE2d 945) (2004) (defendant may not be convicted of both statutory rape and child molestation based on one act of sexual intercourse). This claim is belied by the record.

At the plea hearing, the State submitted that McCranie was living with the victim's family at the time of the offenses and had "*at least one act* of sexual intercourse" with the victim during the relevant time frame. (Emphasis supplied.) McCranie admitted, in open court, and to his wife and in statements to the police, that he had sexual intercourse with the victim. Nothing in the indictment or the factual basis elicited at the plea hearing requires a finding that there was only one act of sexual intercourse. "Perhaps further facts regarding these two charges would have emerged had there been a trial, but [McCranie] chose to plead guilty instead of going to trial." *Nazario*, supra, 293 Ga. at 490 (3) (a). Therefore, based on the record before us, McCranie cannot show that his convictions for statutory rape and child molestation merged.

4. McCranie also challenges the trial court's denial of his motion to vacate a void sentence, contending that he was entitled to a split sentence and a downward

deviation under former OCGA § 17-10-6.2. We agree that McCranie's sentence for statutory rape does not comply with former OCGA § 17-10-6.2 (b) and, accordingly, we vacate it and remand to the trial court for resentencing.

A sentence is void if the court "imposes punishment that the law does not allow." (Punctuation omitted.) *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). "Moreover, a sentencing court retains jurisdiction to correct a void sentence at any time." (Citations and punctuation omitted.) Id. A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." (Citations omitted.) *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

The relevant sentencing statute is former OCGA § 17-10-6.2, which pertains to the sentencing of people convicted of sexual offenses, including child molestation

and statutory rape where the defendant is 21 years old or older. See Former OCGA § 17-10-6.2 (a) (4), (5). At the time of sentencing, McCranie was 38 years old.

Former OCGA § 17-10-6.2 provides, in relevant part:

(b) Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence *which shall include the minimum term of imprisonment specified in the Code section applicable to the offense*. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and *such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year*.

(Emphasis supplied.)

The trial court is permitted, at its discretion, to deviate from the mandatory minimum sentences set forth in OCGA § 17-10-6.2 (b). See former OCGA § 17-10-6.2 (c). Downward deviations, however, are only permitted where certain conditions

are met.[5] Id. The trial court is also required to issue a written order setting forth its reasons for the deviation. See former OCGA § 17-10-6.2 (c) (2).

Former OCGA § 17-10-6.2 (b) made "clear that for each applicable offense, the trial court must – with the exception of situations that fall under subsection (c) – sentence a defendant to at least the mandatory minimum sentence and include an additional probated sentence of at least one year." (Footnotes omitted.) *New v. State*, 327 Ga. App. 87, 108 (5) (755 SE2d 568) (2014).

---

[5] Pursuant to former OCGA § 17-10-6.2 (c) (1), the trial court may deviate where:

> (A) The defendant has no prior conviction of an offense prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16, nor a prior conviction for any offense under federal law or the laws of another state or territory of the United States which consists of the same or similar elements of offenses prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16; (B) The defendant did not use a deadly weapon or any object, device, or instrument which when used offensively against a person would be likely to or actually did result in serious bodily injury during the commission of the offense; (C) The court has not found evidence of a relevant similar transaction; (D) The victim did not suffer any intentional physical harm during the commission of the offense; (E) The offense did not involve the transportation of the victim; and (F) The victim was not physically restrained during the commission of the offense.

The child molestation and statutory rape statutes explicitly provide that persons convicted of these offenses are subject to the sentencing provisions of former OCGA § 17-10-6.2. See OCGA §§ 16-6-3 (b); 16-6-4 (b) (1). For child molestation, the minimum sentence is five years imprisonment and the maximum sentence is twenty years imprisonment. OCGA § 16-6-4 (b) (1). The trial court sentenced McCranie to twenty years for child molestation, with fifteen years to be served in confinement, and the remaining five years to be served on probation. This sentence conforms to OCGA § 17-10-6.2 (b).

For statutory rape, where the defendant is twenty-one years or older, the minimum sentence is ten years imprisonment and the maximum sentence is twenty years imprisonment. OCGA § 16-6-3 (b). Here, the trial court sentenced McCranie to ten years probation. Although the trial court had the discretion to deviate from the mandatory minimum pursuant to former OCGA § 17-10-6.2 (c), the record is devoid of any mention at all of former OCGA § 17-10-6.2 or any discussion of the factors that must be considered under the statute. Moreover, the trial court did not enter the required written findings indicating that it was exercising its discretion to deviate from the mandatory minimum. See former OCGA § 17-10-6.2 (c) (2). Since the trial court did not sentence McCranie to the mandatory minimum, or otherwise comply

16

with the requirements of OCGA § 17-10-6.2 (c), McCranie's sentence for statutory rape is void. See *Priest v. State*, 281 Ga. App. 89, 90 (3) (635 SE2d 377) (2006) (where mandatory minimum sentence for serious violent felony was ten years imprisonment, sentence of ten years probation was null and void).

Accordingly, we vacate McCranie's sentence for statutory rape and remand to the trial court for resentencing so that the trial court can either sentence McCranie to the mandatory minimum or issue a written order setting forth its reasons for deviating therefrom.

*Judgment affirmed in part and reversed in part, sentence vacated, and case remanded. Andrews, P. J., and Rickman, J., concur*.