301 Ga. 342
FINAL COPY

S16G1723.  THE STATE v. HAYES.

BOGGS, Justice.

We granted this petition for certiorari after the Court of Appeals reversed Marion S. Hayes' convictions and sentences on his Alford plea to burglary and other offenses, holding that the trial court impermissibly participated in plea discussions in violation of Uniform Superior Court Rule ("USCR") 33.5 (A). Hayes v. State, 337 Ga. App. 280 (786 SE2d 539) (2016). Because the trial court did not participate in plea negotiations and its colloquy with Hayes was permissible, we reverse.[1]

In February 2010, Hayes was charged with burglary, aggravated assault, possession of tools for the commission of a crime, and obstruction of a police officer. The State filed notice of its intention to seek recidivist punishment under OCGA § 17-10-7 (a) and (c), based upon three previous burglary convictions.

---

[1] Hayes was ably represented before this Court by Prof. Sarah Gerwig-Moore of Mercer University Law School and her third-year law students admitted under the Student Practice Rule, Supreme Court Rules 91-95.

At a calendar call in December 2011, the trial court noted that Hayes' case was a "backup case" and could be reached the next day or the day following. Hayes then addressed the trial court and insisted that he was only making a "special visitation." He further asked that the court "take judicial notice of my notice in coming, and that you would provide me with a written notification that you have done so as soon as possible." The trial court responded:

> Well, I am not going to be able to do that. Right now I just want to talk about what the schedule over the next couple of days is and make sure that you understand what the charges against you are and what the potential sentence is. My recollection is, I don't have a file in front of me, and you've been charged with burglary. And I believe you have been recidivised by the State, which means if you're sentenced — you are found guilty and you are sentenced, you could be facing up to 20 years. And by recidivised, because you have I think three priors, if you were sentenced to 20 years you will serve every day of that in prison.
>
> Last week you were over here, I think, Thursday, and there w[as] some discussion and you wanted some time to think about putting up a non-negotiated plea. And as you know, that would involve the court accepting your guilty plea, and then I could sentence you without going forward with the trial. So that's where we are right now. I don't know if you are still willing to enter a non-negotiated plea, but I believe the D.A. who has this case was here earlier, and she indicated, is my recollection, that she would entertain another non-negotiated plea. So that opportunity is still in front of you.
>
> If you don't do that, we are going to have a trial, and you are facing 20 years and you would serve every day of it if you are found guilty. And that was the sentence imposed by the court . . . . I want

2

to be sure you understand what you are looking at. Do you have any questions?

Hayes responded, "I have a lot of questions." The trial court asked, "Do you have any questions that relate to the need to go forward with trial, entering possibly a guilty plea or anything like that? Let me narrow it down to those." Hayes said, "[I]t's just hard for me to just, you know, go with a non-negotiated because I would like to know — I would like to know what it is." The trial court then asked the State for "the history of the plea negotiations in this case."

The district attorney observed that with three prior burglaries, Hayes' sentence would be a mandatory minimum of five years, that the State's recommendation was 20 to serve 15, and "[w]ere you to go to trial, the maximum that you would be looking at would be 26 years in prison without the possibility of parole. 20 years on the burglary, a consecutive 5 years, 5 years for possession of tools during the commission of a felony, and misdemeanor obstruction 1 year." The prosecutor stated that "we would be willing to enter a negotiated plea with you, 20 years serve 15, balance suspended." Hayes responded, "That's a lot of time. I am getting too old for this." The trial court stated, "Well, if you'd like some time to think about it, I can give you 10

3

minutes before we take you back."

After "[t]here was a pause in the proceedings" of unspecified length,[2] Hayes, represented by the public defender,[3] entered an <u>Alford</u> plea. The State agreed to nol pros the aggravated assault charge, and requested a sentence of 20 years to serve 15, with the balance suspended. The trial court thoroughly examined Hayes on the voluntary nature of his plea and explained his rights and the consequences of entering his plea, and the State presented the factual basis for the plea. Hayes' counsel asked for a sentence of 20 to serve seven with the balance on probation, and requested that the trial court "order a drug evaluation and any treatment that the probation department prescribes." The trial court sentenced Hayes as requested by his counsel: 20 years to serve seven on the burglary count, with the remaining counts sentenced concurrently, with a drug

---

[2] While Hayes asserts that the hearing resumed "[m]oments later," it appears that sufficient time elapsed for Hayes to confer with counsel and review the plea forms. Moreover, Hayes testified in open court that he "had plenty of time to speak with [his counsel]," that she had informed him of the minimum and maximum sentence for each charge, that he did not need more time to discuss the case with her, and that he was satisfied with her representation.

[3] Hayes' counsel stated in her place that Hayes wished for her to represent him for purposes of the plea, that she had represented him and prepared for a non-negotiated plea at the earlier calendar call, and that she had obtained mitigation evidence, which she outlined to the court.

evaluation and probation under the Probation Management Act, OCGA § 42-8-150 et seq.[4]

Hayes filed a pro se motion for an out-of-time appeal, which was granted, and he appealed pro se to the Court of Appeals. That court found that the trial court, by telling Hayes, "if you were sentenced to 20 years you will serve every day of that in prison," and "you are facing 20 years, and you would serve every day of it if you are found guilty. And that was the sentence imposed by the court," failed to inform Hayes that part of his sentence could be probated or suspended. It thus concluded that the trial court

> effectively advised Hayes that it had no intention of probating or suspending any portion of his sentence if he proceeded to trial, stating that he would spend "every day of [the 20-year sentence] in prison." And this impermissible participation by the trial court in the plea-negotiation process "rendered the resulting guilty plea involuntary."

_____

[4] This article of the Georgia Code was repealed by Ga. L. 2015, p. 422, effective July 1, 2015.

(Citations and footnotes omitted.) 337 Ga. App. at 283. Hayes' conviction was reversed and the case remanded for a new plea or trial. Id. Because the Court of Appeals misinterpreted the trial court's colloquy and the applicable law, we reverse.

1. USCR 33.5 (A) provides: "The trial judge should not participate in plea discussions." In addition, "[j]udicial participation in plea negotiations is prohibited as a constitutional matter when it is so great as to render a guilty plea involuntary." (Citations and punctuation omitted.) Pride v. Kemp, 289 Ga. 353, 354 (711 SE2d 653) (2011). But here, the Court of Appeals erred in concluding that the trial court participated in plea negotiations and "effectively advised Hayes that it had no intention of probating or suspending any portion of his sentence if he proceeded to trial." 337 Ga. App. at 283.

Two passages of the trial court's colloquy are relevant for our consideration. First, the trial court informed Hayes that *if* he were found guilty and sentenced, he *could be* facing *up to* 20 years, and, because of his recidivist status, *if* he were sentenced to 20 years he would serve every day. Telling a defendant that he *could be* sentenced to *up to* 20 years is not the same as telling a defendant that he *would be* sentenced to 20 years. Second, the trial court

6

informed Hayes that if he went to trial he would be facing 20 years and would serve every day of it *if* he were found guilty *and* sentenced to 20 years. Both statements are clearly conditional, and explain the *maximum* sentence that Hayes could face upon conviction.[5]

---

[5]At the time of Hayes' offenses in 2010, before the 2012 effective date of the current Code section, see Ga. L. 2012, p. 899, § 9-1 (a), former OCGA § 16-7-1 (a) and (b) provided:

> (a) A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof. A person convicted of the offense of burglary, for the first such offense, shall be punished by imprisonment for not less than one nor more than 20 years. For the purposes of this Code section, the term "railroad car" shall also include trailers on flatcars, containers on flatcars, trailers on railroad property, or containers on railroad property.

> (b) Upon a second conviction for a crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than two nor more than 20 years. Upon a third conviction for the crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than five nor more than 20 years. Adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld for any offense punishable under this subsection.

In addition, the State gave notice of its intention to use Hayes' three prior burglary convictions in aggravation, and to seek recidivist treatment under former OCGA § 17-10-7 (a) and (c). In 2010, that Code section provided:

> (a) Except as otherwise provided in subsection (b) of this Code section [pertaining to conviction for a serious violent felony], any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands

7

Contrary to the assertion by the Court of Appeals, disclosure of the possibility of probation or suspension was not required in order to avoid impermissibly indicating an intention to impose a particular sentence. The trial court could permissibly inform Hayes of the *maximum* sentence he could face. And that distinction is not "hair splitting" as Hayes contends, but an accurate description of the information that the trial court conveyed to Hayes. USCR 33.8 lists in detail the matters as to which a defendant must be informed before the trial court accepts a plea of guilty, and that the trial court must inform a defendant on the record "of the maximum possible sentence on the charge,

---

convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense .

. . .

(c) Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

Therefore, the maximum sentence that could have been imposed upon Hayes at the time, if both subsection (a) and subsection (c) were applied, was 20 years without parole.

8

including that possible from consecutive sentences and enhanced sentences where provided by law[.]" USCR 33.8 (D) (3). However, there is no requirement in recidivist cases sentenced under former OCGA § 17-10-7 that the court inform the defendant that the custodial portion of any sentence is non-parolable but that the trial court need not impose the maximum custodial sentence.

Nor were plea discussions "ongoing," as contended by Hayes. At a previous calendar call, Hayes had requested "some time to think about putting up a non-negotiated plea," and the trial court indicated that it did not know if Hayes was still amenable to a non-negotiated plea, but believed that the district attorney "would entertain *another* non-negotiated plea." (Emphasis supplied.) It was only after the statement complained of by Hayes that the State made a *new* offer of a *negotiated* plea. See generally Brassfield v. State, 242 Ga. App. 747 (1) (531 SE2d 148) (2000). There, as here, the "comment complained of was not made during plea discussions but merely informed [appellant] of his options after the plea negotiations failed to secure a plea. It is clear from the comment itself, i.e., enter a nonnegotiated plea or go to trial, that plea discussions were no longer pending." Id. at 747 (1).

Moreover, the trial court's careful and repeated use of conditional

9

language distinguishes this case from previous decisions in which we found impermissible interference in the negotiation process. Those decisions make clear that the Court of Appeals was wrong to ignore the trial court's careful conditional language. For example, in Pride, supra, the trial court rejected a negotiated plea, then stated, "If I tried the case and he was found guilty I would give him the maximum. I would stack the sentences. . . . I am happy to try him . . . and ready to go and he is going to get a lot more. I would really much rather try him, frankly, so I can give him what I would really like to give him." 289 Ga. at 353-354. The defendant pled guilty, and the trial court then imposed a sentence more severe than that recommended by the State. Id. This Court found impermissible participation in plea negotiations sufficient to render a plea involuntary. Id. at 355. And in McDaniel v. State, 271 Ga. 552 (2) (522 SE2d 648) (1999), while the appellant's jury trial was proceeding, the trial court called a conference in chambers for further discussion of the possibility of appellant entering a guilty plea. There, the trial court told the parties that it was reluctant to impose a death sentence, and was "90 percent certain that I would impose a life without parole sentence." Id. at 553 (2). After extensive negotiations, appellant agreed to enter a plea and was sentenced to death. Id. We held that

10

"[appellant] heard the trial court repeatedly state its reluctance to impose a death sentence and give 90 percent odds on a sentence of life without parole if permitted to impose sentence. That participation by the trial court in the plea negotiation process rendered the resulting guilty plea involuntary." Id. at 554 (2). See also McCranie v. State, 335 Ga. App. 548, 552 (2) (b) (782 SE2d 453) (2016) (trial court rejected negotiated plea and repeatedly indicated desire to sentence McCranie to more time, stating "that it would be happy for [the defendant] to withdraw his plea so that the trial court could preside over his trial"; judicial participation rendered plea involuntary); Gibson v. State, 281 Ga. App. 607, 609-610 (1) (636 SE2d 767) (2006) (trial judge improperly told defendant he would not give same sentence after trial had cost taxpayers money); Skomer v. State, 183 Ga. App. 308, 310 (358 SE2d 886) (1987) (trial judge telling defendants "that a rejection of a plea proposal *will* result in a greater punishment in the event of a conviction by a jury" was improper participation in plea process) (emphasis in original).

Here, in contrast, the trial court did not state that it intended to impose any sentence upon appellant, and the record does not show that Hayes was coerced into making a decision or that his plea was involuntary. Rather, he appeared for

a calendar call and made unusual assertions and demands, with no basis in law, to the trial court. The trial court responded appropriately and informed Hayes that his trial was imminent, and that it was necessary for him to make a decision whether to go to trial or to enter a plea. Its explanation of the potential maximum sentence was carefully expressed in conditional language, avoiding any positive statement of what sentence might be imposed after a trial or plea. And in informing Hayes of the potential maximum sentence, the trial court was attempting to communicate to Hayes the gravity of the decision he faced as well as the potential consequences of that decision.

The Court of Appeals therefore erred in reversing Hayes' conviction.

2. We remand this case to the Court of Appeals for resolution of Hayes' remaining enumerations of error.

Judgment reversed and case remanded with direction. Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, and Grant, JJ., and Judge Melanie B. Cross concur. Peterson, J., disqualified.

Decided June 5, 2017.

Certiorari to the Court of Appeals of Georgia — 337 Ga. App. 280.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Joshua D. Morrison, Kevin C. Armstrong, Assistant District Attorneys, for appellant.

Sarah L. Gerwig-Moore, for appellee.