In the Supreme Court of Georgia

Decided:  January 22, 2019

S18A1391.  KENNEDY v. HINES.

WARREN, Justice.

Appellant Kathleen Kennedy, Warden, challenges a habeas court's order setting aside Deborah Hines's convictions and sentences for four counts of identity fraud.  In its order granting habeas relief, the habeas court determined that the trial court improperly participated in the plea process such that Hines's plea was involuntary and violated due process.  Having reviewed the record, we conclude that the habeas court erred by placing on the Warden, the habeas respondent, the burden of proving that Hines's guilty plea was voluntary, knowing, or intelligent, and further erred by concluding that the trial court's comments at the hearing rendered Hines's plea involuntary.  We therefore reverse the habeas court's order.

1.     The record shows that in November 2009, a jury found Deborah Hines guilty of four counts of identity fraud.  The trial court sentenced her as a recidivist under OCGA § 17-10-7 (c) to an aggregate of 45 years with 20 to

serve. Hines filed a motion for new trial, new counsel was appointed, and a hearing was held on March 21, 2013. At the outset of that hearing, the State announced that it had reached an agreement with Hines's counsel whereby Hines would plead guilty to the four counts of identify fraud and forego her motion for new trial, and the State would recommend a reduced recidivist sentence of 45 years, to serve 15. As part of the plea deal, Hines also expressly agreed to waive her right to direct appeal and to seek habeas relief; to dismiss any pending lawsuits she had filed against any judge, prosecutor, or law enforcement officer in the Ocmulgee Judicial Circuit; and to dismiss bar complaints against the prosecutors in her case. The court accepted Hines's negotiated plea and sentenced her to 45 years, to serve 15.

On January 6, 2017, Hines filed a habeas corpus petition. Among other things, she claimed that her "conviction [was] obtained by plea of guilty which was unlawfully induce[d] or not made voluntarily." The Warden filed a motion to dismiss on the grounds that Hines had waived her right to seek habeas relief. In response, Hines asserted that she did not enter her plea knowingly, intelligently, and voluntarily; that the trial court improperly participated in her plea; and that the signature on the final disposition was not hers. After an initial hearing that resulted in the denial of the Warden's motion to dismiss, the

2

Warden renewed her motion to dismiss, and the habeas court held another hearing where it took additional evidence.

On April 18, 2018, the habeas court entered an order granting habeas relief and setting aside Hines's convictions and sentences because "the trial court improperly inserted itself in the plea process" with "unduly coercive" statements that intimidated Hines, "rendering Petitioner's plea involuntary." The habeas court cited *Lejeune v. McLaughlin*, 296 Ga. 291 (766 SE2d 803) (2014), for the general proposition that guilty pleas must be voluntary, knowing, and intelligent, but the habeas court also asserted that, at the habeas stage, "the State" bore the burden of demonstrating the voluntariness of a plea. Citing Uniform Superior Court Rule 33.5 (A) and *State v. Hayes*, 301 Ga. 342, 345 (801 SE2d 50) (2017), the habeas court noted that "participation in the plea negotiation process is prohibited by court rule" and "prohibited as a constitutional matter when it is so great as to render a plea involuntary."  See USCR 33.5 (A) ("The trial judge should not participate in plea discussions."). It then concluded that although the trial court had sufficiently advised Hines of the rights listed in *Boykin v. Alabama*, 395 U.S. 238, 243 (89 SCt 1709, 23 LE2d 274) (1969), the court had improperly participated in the plea process and Hines's plea was rendered involuntary based on the following exchange:

3

THE COURT: How do you plead to these four charges?

THE DEFENDANT: I'm pleading guilty, but actually, I don't want no trial, but I'm not guilty for these charges.

THE COURT: Ms. Hines, now, look, if you're not -- you've already been found guilty --

THE DEFENDANT: I know.

THE COURT: -- by a jury and I don't want to play any games with you here today. Do you want to enter your guilty plea?

THE DEFENDANT: Yes, sir.

THE COURT: And do you admit your guilt?

THE DEFENDANT: Yes, sir.

In particular, the habeas court deemed "unduly coercive" the portion of the exchange where the trial court reminded Hines that a jury had already found her guilty and stated: "I don't want to play any games." The Warden filed a timely notice of appeal, and the case was docketed to the August 2018 term.

2.      The habeas court was correct that "a guilty plea must be voluntary, knowing, and intelligent." *Lejeune*, 296 Ga. at 291 (citing *Brady v. United States*, 397 U.S. 742, 748 (90 SCt 1463, 25 LE2d 747) (1970)); *Hicks v. State*, 281 Ga. 836, 837 (642 SE2d 31) (2007)).[1] Contrary to the habeas court's order, however, it is Hines—not the habeas respondent—who "bears the burden as

---

[1] We agree with the habeas court that the plea transcript shows that the trial court sufficiently advised Hines of the rights listed in *Boykin*.

4

the petitioner of proving that [her] plea was not voluntary, knowing, or intelligent." Id. at 294.[2] In her attempt to make this showing, Hines cites USCR 33.5 (A) to imply that the trial judge improperly participated in her plea discussions, and Georgia cases for the proposition that her plea was involuntary and thus violated her constitutional right to due process.

As an initial matter, claims regarding the mere violation of a court rule generally are not cognizable in habeas, which "is available only to address 'a substantial denial of [the prisoner's] rights under the Constitution of the United States or of this state.'" *Smith v. State*, 287 Ga. 391, 403 (697 SE2d 177) (2010) (quoting OCGA § 9-14-42 (a) and noting that alleged violations of USCR 33.8, also regarding judicial procedure for acceptance of pleas, are not cognizable in habeas). Thus, any argument the habeas court or Hines relies on with respect to USCR 33.5 (A) fails as a matter of law.

---

[2] Hines contends that under *Lejeune*, "the State bears the burden of demonstrating that the plea was voluntarily, knowingly, and intelligently made" and that the petitioner bears only "the burden of overcoming the presumption of regularity in the proceedings." That argument is foreclosed by the plain language and holding in *Lejeune*. See *Lejeune*, 296 Ga. at 294-299 (overruling *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971), and holding that Lejeune bore "the burden as the petitioner of proving that his plea was not voluntary, knowing, or intelligent"). However, the State still bears the burden of showing that a defendant pled voluntarily, knowingly, and intelligently when a defendant challenges a guilty plea on direct appeal. See, e.g., *Johnson v. State*, 303 Ga. 704, 706-707 (814 SE2d 688) (2018).

5

What remains, then, is Hines's constitutional claim that she did not voluntarily enter into a guilty plea because she was "intimidated" and "coerced" by the trial court's comments. Our cases have explained that when judicial participation in plea negotiations is "so great as to render a guilty plea involuntary," it is prohibited as a constitutional matter. *Hayes*, 301 Ga. at 345 (citation and punctuation omitted). And although there surely exist other types of judicial participation in the plea process that could render a guilty plea involuntary, cases of improper judicial participation in pleas generally involve statements about sentencing. To show that a trial court participated in plea discussions to such a degree that it rendered a plea involuntary, a criminal defendant generally must show that "a trial judge communicates—either explicitly or implicitly— . . . that his sentence *will* be harsher if he rejects a plea deal and is found guilty at trial." *Winfrey v. State*, 304 Ga. 94, 98 (816 SE2d 613) (2018) (emphasis in original). Indeed, this Court recently explained that the "key distinction . . . is whether the trial judge threatens that a sentence *will* be harsher after conviction if a plea offer is rejected, or advises that the sentence *may* be harsher," emphasizing that "the former should not occur." Id. at 99-100 (emphasis in original) (concluding that judicial participation was so great that it rendered plea involuntary because, among other things, "[t]he trial

6

court made repeated statements that referenced the judge's own proclivity to sentence harshly, along with other statements strongly implying that if Winfrey were found guilty by a jury, his sentence would be (not could be) harsher than that recommended in the plea offer"). See also *Pride v. Kemp*, 289 Ga. 353, 353-354 (711 SE2d 653) (2011) (concluding that trial court's participation rendered plea involuntary because "Pride heard the trial court repeatedly state that it would impose a longer sentence if Pride went to trial and, indeed, would prefer that Pride go to trial so that the trial judge could 'give [Pride] what [the trial court] would really like to give him'"); *McDaniel v. State*, 271 Ga. 552, 553-554 (522 SE2d 648) (1999) (concluding that trial court's participation rendered plea involuntary based on repeated statements that the trial court was reluctant to impose a death sentence and was "90 percent certain [it] would impose a life without parole sentence," but then imposed death sentence after plea); *McCranie v. State*, 335 Ga. App. 548, 552 (782 SE2d 453) (2016) (concluding that trial court's participation rendered plea involuntary because it "repeatedly indicated that it wished to sentence McCranie to a longer sentence" and "would be happy for McCranie to withdraw his plea so that the trial court could preside over his trial").

But there is no constitutional violation when a judge gives an "explanation of the potential maximum sentence [that] [i]s carefully expressed in conditional language, avoiding any positive statement of what sentence might be imposed after a trial or plea," and there is otherwise no record evidence that the defendant was coerced or that the plea was involuntary. *Hayes*, at 301 Ga. at 343-348 (noting that "[t]elling a defendant that he *could be* sentenced *up to* 20 years is not the same as telling a defendant that he *would be* sentenced to 20 years.") (emphasis in original); see also *Houston v. State*, 302 Ga. 35, 38 (805 SE2d 34) (2017) (trial court did not err where judge suggested, without objection, that defendant stay in court through the entry of his co-defendants' guilty pleas; defendant decided to plead guilty himself; and the judge advised defendant of his rights and made appropriate inquiries about the voluntariness of the plea).

The record here shows that the trial court's statements during the exchange at issue did not reference sentencing, let alone suggest that the judge would impose a harsher sentence if Hines did not accept a plea.[3] For example, the record shows that when Hines equivocated about whether she was going to

---

[3] The court separately informed Hines of the minimum and maximum possible sentences, as prescribed by USCR 33.8 (D).

plead guilty and said "I don't want no trial," the court replied with an accurate, factual statement: "you've already been found guilty . . . by a jury," which Hines agreed was correct. Hines had indeed already been found guilty by a jury, and the court's statement of that fact does not approach the kind of coercion required to implicate constitutional due process. And although the rest of the court's statement, "I don't want to play any games with you here today," perhaps indicated a preference for Hines to make a decision one way or the other, there is no evidence that the trial court pressured Hines to accept the plea offer, and its comment simply is not comparable to the types of threats, statements about a trial court's desire to sentence a defendant harshly, or statements coaxing defendants to plead guilty, that we have said render a guilty plea involuntary. Cf. *Winfrey*, 304 Ga. at 101; *Pride*, 289 Ga. at 353-355; *McDaniel*, 271 Ga. at 552-554; *McCranie*, 335 Ga. App. at 548-549, 552. Moreover, the trial court immediately followed up with a direct, non-suggestive question: "Do you want to enter your guilty plea?" Far from "intimidat[ing]" or "coerc[ing]" Hines, the trial court did not indicate whether it wished for Hines to plead or not; it simply asked a "yes or no" question, to

9

which Hines replied, "Yes, sir."[4] Viewed as individual statements and as a whole, the trial court's exchange with Hines did not threaten Hines with a particular sentence, did not reveal the judge's preference about whether Hines pleaded guilty, and did not imperil—let alone violate—Hines's right to due process.[5]

In sum, the habeas court erred in two ways: by improperly placing the burden on the Warden in this habeas case, and then by determining that a straightforward exchange between Hines and the trial court constituted judicial participation so extreme as to render Hines's plea involuntary. The statements at issue did not render Hines's plea involuntary as a matter of constitutional

---

[4] Nor does the record show that Hines was "confused" such that her plea was unknowing. The record clearly shows that the trial court informed Hines about the charges against her, the minimum and maximum possible sentences, and the rights she was waiving. Among other things, it also shows that Hines affirmed that she understood the consequences of her plea by stating: "I'm okay with what they're giving me today." At the plea hearing, the prosecutor also explained the terms of the plea to Hines and she confirmed that she understood; then at the habeas hearing, the prosecutor and Hines's counsel testified that the terms of the plea were communicated to Hines and that she made the decision to accept them.

[5] Moreover, the plea deal that Hines accepted resulted in her receiving a more favorable sentence than she had previously received: five less years to serve. Whether the accepted plea offer is favorable or unfavorable compared to a previous plea offer—or, in this case, a previous sentence—is a factor that Georgia appellate courts have considered when determining if a plea was voluntary. See, e.g., *Pride*, 289 Ga. at 354; *McCranie*, 335 Ga. App. at 552. Here, the record shows that Hines received the benefit of a more favorable sentence for herself, further undermining the claim that her decision was coerced or involuntary.

law, and Hines has failed to carry her burden of proving that her plea was not voluntary, knowing, or intelligent. The habeas court's order granting habeas relief and setting aside Hines's convictions and sentences is therefore reversed.

Judgment reversed. All the Justices concur.